ANTHONY L. MARTIN, ESQ.
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
JILL GARCIA, ESQ.
Nevada Bar No. 7805
jill.garcia@ogletreedeakins.com
SHELLEY L. MURRAY, ESQ.
Nevada Bar No. 12831
shelley.murray@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL PRUSSAK,<br><br>                              Plaintiff,<br><br>vs.<br><br>ELDORADO RESORTS CORPORATION, a Florida Corporation; *et. al.*,<br><br>                              Defendants. | Case No.:  2:15-cv-01496-RFB-PAL<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS IN THE CONSOLIDATED CASES** |

Pursuant to Fed. R. Civ. P. 26(c), L.R. 6-2, and L.R. 7-1, Daniel Prussak, together with Defendant Eldorado Resorts Corporation ("ERC") and, to the extent they remain as Defendants in this case, the Individual Defendants Michael Marrs, Kristen Beck, and Dominic Taleghani (the "Individual Defendants") (together, "Defendants"), hereby stipulate and agree as follows:

Plaintiff is expected to and has requested confidential, non-public, trade secret and/or proprietary information and documents from ERC related to its business operations, including, but not limited to, sales reports, information that may contain customer information, including

customer names, addresses, and financial information, and other information that may include disclosure of information related to ERC employees, who are not, and are not expected to be, parties to this action. ERC considers this information and these documents to be private and confidential.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of Interrogatories and Requests to Admit, and the taking of oral and/or written depositions, during which the aforementioned proprietary, trade secret, confidential and/or private information and documents of the parties will be exchanged and disclosed. To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to protect adequately material entitled to be kept confidential, the parties agree to limit the disclosure and use of proprietary, confidential, and private information and documents as stipulated, pursuant to this Protective Order on the following terms:

**I.      DEFINITIONS**

The following definitions shall apply to this Protective Order:

A.  The "Actions" shall refer to all cases made a part of this consolidated action, as outlined in the Proposed Stipulation and Order to Consolidate Related Matters for Discovery, Initial Motion Practice and Other Related Scheduling Dates (*see* ECF. No. 40 in *Ledvina v. Eldorado Resorts Corporation, et. al*., Case No. 2:14-cv-01414-RFB-PAL) in the United States District Court for the District of Nevada and any appeal thereof through final determination.

B.  "Producing Party" shall mean any person or entity producing documents, information or other materials in the Actions, including any Party to the Actions or any third parties.

C.  "Party" shall mean the Plaintiffs and Defendants in the Actions as defined in

Section I(A), and any other person that may become a named Party to the Actions.

D. "Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in the Actions which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure pursuant to this Protective Order. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

E. "Legend" as used herein shall mean a stamp or similar insignia stating Confidential.

F. When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

G. "Attorneys' Eyes Only" shall mean only to be reviewed by counsel of record.

## II. DESIGNATION OF INFORMATION AND DOCUMENTS

A. When any document or things produced under this Protective Order are designated Confidential, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation.

B. Some documents being produced by both Plaintiff and Defendants may contain social security numbers of Plaintiff and/or ERC's employees. Without need of any designation, social security numbers will be deemed to be Confidential. In the event a document is produced without the redaction of a social security number, any

3

Party seeking to use the document will make every effort to redact the social security number before its use in a deposition, court proceeding or court filing.

C. The initial failure to designate information or documents as Confidential in accordance with this Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate. Upon receipt of such notice, the receiving Party shall promptly mark its copies of the information or documents so designated, and shall thereafter, treat the information and documents as if it had been designated Confidential and shall restrict the disclosure or use of the information or documents in accordance with this Protective Order. If the information or documents have previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Protective Order and as though the information and documents were originally so designated.

**III.   LIMITATIONS**

A. This Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to the Actions, and used in the prosecution and defense of the Actions.

B. Persons obtaining access to Confidential information under this Protective Order shall use the information only for the preparation of and the trial in the Actions. Persons shall not use such information for any other purpose, including business,

4

commercial, personal, administrative or judicial proceedings.

C. Nothing contained in this Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in the Actions and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Protective Order shall authorize any use of documents or information which is otherwise impermissible.

## IV. **PERMISSIBLE DISCLOSURES/ACCESS**

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Protective Order and/or to: (a) the Parties in the Actions, including their agents, officers, directors and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in the Actions; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Actions or their counsel to assist in preparation of the Actions for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Actions; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Actions; (f) people who have previously received or created the document; and (g) witnesses in the Actions who need to review this material in connection with their testimony in the Actions. Confidential information may be disclosed to persons listed in this paragraph only after such

person has been shown a copy of this Protective Order and agrees to be bound by the terms of this Protective Order in the form attached hereto as **Exhibit A**.

## V. <u>DECLASSIFICATION</u>

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential or Attorneys' Eyes Only shall be treated as such under this Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

   A.   At any time, the receiving Party of any document or information designated Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally. In the event that such attempts are not successful, the receiving Party may file a motion seeking to remove the designation as confidential, and the Court shall make an independent determination as to whether or not any given document or information is Confidential and/or properly redacted based upon facts then existing, and in so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be deemed Confidential unless and until the Court rules otherwise. The Party or entity making the designation must show that there is good cause for the document or information to have such protection.

## VI. <u>DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS</u>

   A.   In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, as Confidential, may be made by a

statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this order.

B. A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Protective Order.  Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto.  During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII. DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

In the event that any Confidential document or information, or information derived therefrom is included with, or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court, including, without limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal subject to the provisions of LR IA 10-5.

## VIII. DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION

Confidential information or documents may be offered in evidence at any hearing or the trial in the Actions, provided that the Parties have met, conferred and agreed in advance of the

hearing and/or trial as to how the information or documents will be used, including, by way of example, requesting that the Court designate that portion of the transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties' at their request.  If the Parties cannot agree about how the information or documents will be used during a hearing, before or at the time of the hearing, the Party designating such Confidential status may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  If such a motion is made regarding evidence to be introduced at the time of trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

## IX.     **SUBPOENA BY COURT OR OTHER AGENCIES**

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information Confidential.  The Party that received the subpoena shall object to production under Rule 45, Federal Rules of Civil Procedure, or any similar rule protecting the production of Confidential documents in that proceeding.  After receipt of the notice specified under this Paragraph, the designating Party shall be responsible for

obtaining any order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

## X.     CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

## XI.    COPIES OF DESIGNATED INFORMATION

The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential information.  Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal.  All copies of any Confidential information or documents shall be treated as provided in this Protective Order.  Any Party making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

## XII.   NO WAIVER

A.     No Confidential information or documents shall lose such status under this Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.  Counsel to the Parties in the Actions shall confer at least five (5) days before any such hearing, trial, or other court proceeding in order to

work out any objections to the use of any Confidential information or documents in such court proceeding and to make such amendments to this Stipulated Protective Order which the Parties agree are necessary to assure the continued confidentiality of such information.

B. Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Protective Order are reserved and are not waived by any terms of this Protective Order. The use of Confidential information and documents as evidence at trial shall be subject to this Protective Order unless otherwise agreed to by the Parties or modified by the Court.

C. The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

D. The inadvertent production of any document or other information during discovery in the Actions shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

## XIII. NON-TERMINATION

The termination of proceedings in the Actions shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon the final disposition of the Actions, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential. Counsel for either Party may use the Confidential information and documents only

for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential information or documents in any subsequent lawsuit, except for those responses to discovery requests propounded in other related Actions as outlined in the Proposed Stipulation and Order to Consolidate Related Matters for Discovery, Initial Motion Practice and Other Related Scheduling Dates (*see* ECF No. 40) in the United States District Court for the District of Nevada. However, the actual admissibility and use of said responses in the related Actions shall be determined on a case-by-case basis.

**XIV. <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS</u>**

    A.    The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, provided that – consistent with the provisions of Fed. R. Civ. P. 26(b)(5) – the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production.

    B.    Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

    C.    The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

///

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may present the information under seal to the Court for a determination. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

IT IS SO STIPULATED.

DATED this 23rd day of May, 2016.

WATKINS & LETOFSKY, LLP

/s/ Daniel R. Watkins
Daniel R. Watkins
Brian S. Letofsky
400 S. Fourth Street
Suite 280
Las Vegas, NV  89101
*Attorneys for Plaintiff*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Jill Garcia
Anthony L. Martin
Jill Garcia
Shelley L. Murray
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

May 31, 2016
DATED

### *EXHIBIT A*
**UNDERSTANDING AND AGREEMENT REGARDING**
**CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in *Daniel Prussak, vs. Eldorado Resorts Corporation, et. al.*, Case No. 2:15-cv-01496-RFB-PAL, which case is currently pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed Name:

_____
Dated